UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**[1] JOSUE XAVIER CHEVERES MORALES,**<br>**[2] CARLOS ANDRES RUIZ CINTRON,**<br>**[3] JOSE GARCIA BAEZ,**<br>Defendants. | Criminal No. 16-692 (PG) |

**GOVERNMENT'S *EX PARTE* MOTION FOR MDC GUAYNABO TO PRODUCE INMATE CALLS**

The United States of America, through its undersigned counsel, respectfully submits this brief in support of its request for an order directing the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC Guaynabo") to produce copies of non-privileged calls made by: Josue Xavier Cheveres Morales (identified in the online database of the Federal Bureau of Prisons as "Josue Chevere-Morales"), Inmate No. 49641-069 from January 31, 2017 through the present.

1. Inmates at MDC Guaynabo receive notice that non-attorney calls made using the inmate calling system are recorded and monitored. This notice is provided: 1) at the time the inmate registers for the phone system; 2) in the inmate handbook; 3) through posted signs in English and Spanish on each inmate telephone; and 4) is publicly available at 28 C.F.R. §§ 540.100-540.101 (1996).

2. As such, the recording of these calls falls squarely within the exception to the general prohibition of interception of wire communications. See 18 U.S.C. §2511(2)(c); United States v. Footman, 215 F.3d 145, 154-55 (1st Cir. 2000) (holding that inmate calls are admissible when inmates receive notice that calls are recorded). Other circuits are generally in accord. See United

States v. Workman, 80 F.3d 688, 692–94 (2d Cir. 1996); United States v. Van Poyck, 77 F.3d 285, 292 (9th Cir. 1996); United States v. Horr, 963 F.2d 1124, 1126 (8th Cir. 1992). But see United States v. Daniels, 902 F.2d 1238, 1244-45 (7th Cir. 1990) (expressing reservations about finding Title III's consent requirement satisfied in this context but recognizing calls would be admissible under 18 U.S.C. §2510(5)(a)(ii)).[1]

3. Furthermore, because the calls were made from prison, Fourth Amendment restrictions on unreasonable searches and seizures should not apply. See Hudson v. Palmer, 468 U.S. 517, 530 (1984) (holding that the "the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells").

4. The content of the inmate's calls requested above may provide law enforcement and the United States with relevant evidence.

5. Although a showing of probable cause or reasonable suspicion is not required to obtain the calls, the Department Of Justice and Bureau of Prisons have voluntarily adopted a policy requiring law enforcement to obtain some form of legal process to obtain the content of previously recorded prison calls. Accordingly, the United States respectfully requests that the Court issue an order providing for the content of the recorded telephone calls for use in this case or any other criminal investigation.

6. Because the content of the phone calls may compromise past and ongoing criminal investigations, the United States files this motion *ex-parte* and requests that the order also issue

---

1. Any argument that by virtue of being confined the inmate is unable to provide valid consent has been rejected by the First Circuit. See Footman, 215 F.3d at 155 (noting that "[p]rison inmates have few expectations of privacy in their communications [. . . . ] There is no reason to think that Congress would not have included within the meaning of consent a prison inmate's express acceptance of having his calls recorded as a condition of using the telephone." (internal quotations omitted)).

under seal. The United States recognizes that the issuance of this order under seal shall not relieve it of its discovery obligations and that it may produce the content of such calls to comply with the same.

WHEREFORE, the United States respectfully requests that the Court issue a sealed order directing MDC Guaynabo to provide copies of the contents of the telephonic conversations for the above inmate and time periods requested above.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of August, 2017.

ROSA EMILIA RODRIGUEZ VELEZ
UNITED STATES ATTORNEY

*s/ Jonathan Gottfried*
Jonathan Gottfried, U.S.D.C.-PR G02510
Assistant United States Attorney
United States Attorney's Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
San Juan, PR 00918